Filed 12/26/23  Kevin T. v. Vanessa D. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| KEVIN T., | |
| Appellant, | E080500 |
| v. | (Super.Ct.No. FAMVS1503269) |
| VANESSA D. et al., | OPINION |
| Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Damian G. Garcia, Judge.  Affirmed.

Kevin T., in pro. per., for Appellant.

No appearance for Respondents.

Kevin T. appeals from the family court's order denying his request to set aside a voluntary declaration of parentage (VDOP).  We affirm.

1

BACKGROUND

In December 2016, the family court entered a judgment regarding parental obligations as to Victoria T. The judgment identified Kevin and Vanessa D. as the parents of Victoria and ordered Kevin to pay $481 per month in child support.

In April 2022, Kevin filed a request to set aside a VDOP concerning Victoria. Kevin checked the box on the form (Judicial Council form FL-280) indicating that he wanted to set aside the VDOP for fraud. The request indicated that he and Vanessa signed the VDOP in July 2015, one day after Victoria's birth.

Kevin's declaration in support of the request stated that the Department of Child Support Services (DCSS) did not inform him of the legal consequences that arise from signing a VDOP. The legal consequences that he identified included wage garnishment, reporting of arrearages to credit agencies, seizure of assets held by financial institutions, liens on property, seizure of income tax refunds, imprisonment and fines, and several other claimed consequences. Kevin declared that he would not have signed the VDOP if he had known of the legal consequences.

Kevin also submitted documents from DCSS. One document was a form showing that DCSS had the VDOP on file, and the form indicated that Victoria's parentage was established on August 17, 2015. The second document was a letter dated February 2022 and addressed to Kevin. It appeared to be a response to his attempt to rescind the VDOP. The letter stated that the rescission Kevin signed in December 2021 was not valid, because he did not submit the rescission within 60 days of executing the VDOP.

2

According to the register of actions, Kevin filed an amended request to set aside the VDOP. The record on appeal does not include that document.

The court held a hearing on Kevin's request in September 2022. The record does not include a reporter's transcript of those proceedings. According to the minute order from the hearing, the court determined that the request to set aside the VDOP was untimely, and it therefore denied the request.

DISCUSSION

Kevin argues that the court erred by denying his request because "there is no untimely filing when attacking a void judgment." (Capitalization omitted.) The argument lacks merit.

The Legislature authorized VDOP's in part to implement a "'simple system'" for establishing voluntary parentage "as a 'first step toward a child support award.'" (*Kevin Q. v. Lauren W.* (2009) 175 Cal.App.4th 1119, 1131.) An executed VDOP takes effect when it is filed with DCSS. (Fam. Code, § 7573, subd. (c); unlabeled statutory citations refer to this code.) Either signatory may rescind the VDOP within 60 days of execution by filing a rescission form with DCSS. (§ 7575, subd. (a).) A signatory also has two years from the effective date of the VDOP to commence a proceeding to challenge the declaration on the basis of fraud, duress, or material mistake of fact. (§ 7576, subd. (a).) In addition, section 7573.5 identifies a number of conditions that render a VDOP void at the time of signing. (§ 7573.5, subd. (a)(1)-(6).) The two-year limitations period does not apply to proceedings to challenge a VDOP as void under section 7573.5. (§ 7576, subd. (b).)

3

We presume that the trial court's order is correct. (*Demara v. The Raymond Corp.* (2017) 13 Cal.App.5th 545, 552.) We review the court's ruling, not its reasoning, and "we may affirm a decision correct on any theory regardless of the trial court's reasoning." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 653, fn. 8.) The appellant bears the burden of demonstrating prejudicial error. (*Demara*, *supra*, at p. 552.)

Kevin fails to show that the court erred. He challenged the VDOP on the basis of fraud. Such a challenge is subject to the two-year limitations period. His evidence demonstrated that he signed the VDOP in July 2015, and it became effective in August 2015. He accordingly had until August 2017 to challenge the VDOP on the basis of fraud. The court correctly determined that his April 2022 request was untimely.

Although a challenge to a VDOP as void under section 7573.5 is not subject to the limitations period, Kevin's request did not challenge the VDOP under that statute. Nothing in his moving papers established any of the conditions that render a VDOP void at the time of signing. For example, he did not show that someone other than him or Vanessa was already a presumed parent, that a court had already entered a judgment of parentage, or that another person had already signed a valid VDOP. (§ 7573.5, subd. (a)(1)-(3).)

Similarly, Kevin's opening brief on appeal does not argue that the VDOP was void under section 7573.5. He instead refers repeatedly to a "void judgment" and argues that DCSS violated his due process rights in a number of ways. To the extent that Kevin is seeking to challenge the judgment regarding parental obligations as void, such a challenge is not properly before us. He did not file a motion to set aside the December

4

2016 judgment. He filed a request to set aside the VDOP. We are reviewing only the order denying that request.

For all of these reasons, the court did not err by denying Kevin's request to set aside the VDOP.[1]

DISPOSITION

The order denying the request to set aside the VDOP is affirmed. Vanessa and DCSS shall recover their costs of appeal, if any. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ        
J.

We concur:

McKINSTER      
      Acting P. J.
CODRINGTON      
      J.

---

[1] Kevin requests that we take judicial notice of DCSS's summons and complaint seeking the judgment regarding parental obligations, the agency's proposed judgment, a summary of the child support guideline calculation, and purported screen shots from the California courts' website and the Los Angeles County Superior Court's website. We deny the request because the documents are irrelevant and unnecessary to our resolution of this appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)